IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

YOGI L. WASHINGTON,
    Petitioner,

Civil Action No. 7:09-cv-00158

MEMORANDUM OPINION

v.

TERRY O'BRIEN, WARDEN,
    Respondent.

By: Hon. Glen E. Conrad
United States District Judge

Petitioner Yogi L. Washington, a federal inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[1] Petitioner claims that his confinement pursuant to his conviction in the District of Columbia ("D.C.") for burglary is unconstitutional. Upon review of the petition, the court concludes that petitioner has failed to demonstrate entitlement to relief under § 2241.

## Background

Washington's petition reflects the following procedural history. He was tried before a jury in the D.C. Superior Court, convicted of Burglary II While Armed, in violation of the laws of D.C., and sentenced to serve 17 years to life imprisonment. He appealed to the D.C. Court of Appeals, arguing that the trial court erred in displaying petitioner to the jury during deliberations when no such demonstration had occurred in the courtroom during trial. The Court of Appeals affirmed the Superior Court judgment on August 25, 2005. Washington then raised the same claim in a motion attacking sentence pursuant to D.C. Code § 23-110, filed in the trial court. The

---

[1] Washington is currently incarcerated at the United States Penitentiary in Jonesville, Virginia ("USP Lee County"), located within the territorial jurisdiction of this court. Accordingly, his § 2241 petition is properly filed in this district. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95 (1973).

D.C. Superior Court dismissed the § 23-110 motion, and the D.C. Court of Appeals affirmed that judgment on April 30, 2008. Washington now brings the same claim in his § 2241 petition before this court, alleging that the trial court erred in displaying petitioner to the jury during deliberations when no such demonstration had occurred in the courtroom during trial.

## Discussion

A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction imposed under the laws of the District of Columbia unless a motion attacking sentence pursuant to D. C. Code § 23-110 is "inadequate or ineffective to test the legality of [an inmate's] detention." § 23-110(g); Swain v. Pressley, 430 U.S. 372, 381 (1977). This "savings clause" section of § 23-110 tracks similar language in 28 U.S.C. § 2255(e).[2] Recognizing that § 23-110 is "nearly identical and functionally equivalent to [28 U.S.C.] § 2255," courts may properly "rely on cases construing the federal rule" in applying or interpreting § 23-110. United States v. Frady, 456 U.S. 152, 162 n.12 (1982) (quoting Butler v. United States, 388 A.2d 883, 886 n.5 (D. C. Ct. App. 1978)). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction only when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the

---

[2] Section 2255(e) prohibits entertainment of a habeas petition filed by an inmate authorized to seek relief under § 2255 "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

2

> prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule
> is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). The court finds it appropriate to apply this same standard in determining whether § 23-110 is inadequate or ineffective so as to allow this court to entertain Washington's current claim under § 2241.

The claim Washington raises in his § 2241 petition was already raised and addressed in the D.C. courts on appeal and in his proceedings pursuant to § 23-110 in the D.C. courts. Moreover, his § 2241 petition does not indicate any respect in which his case meets the standard under Jones so as to qualify for consideration under § 2241. Petitioner does not point to any recent substantive law change under which the conduct for which he was convicted– committing burglary while armed–is no longer criminal. As such, Washington cannot meet all three steps of the Jones standard as required to show that § 23-110 is inadequate or ineffective to test the legality of his conviction. Therefore, pursuant to § 23-110(g), his claim is barred from review under § 2241, and this petition must be dismissed.

## Conclusion

For the reasons stated, the court will dismiss this § 2241 petition as petitioner fails to demonstrate that he is entitled to relief. An appropriate order shall be issued this day. The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of

the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this opinion and the accompanying order to petitioner.

ENTER: This 7th day of May, 2009.

/s/ Glen Conrad
United States District Judge